# In the MATTER OF STEWART A. PEARCE II,
## An Attorney and Counselor at Law.

No. 89-033.
Nov. 1, 1990.
246 Mont. 313.
806 P.2d 21.

## ORDER OF DISBARMENT

On January 24, 1989, Gail H. Coheen and Robert S. Marcott, acting as Special Counsel for the Commission on Practice, filed a formal complaint against Stewart A. Pearce II, an attorney licensed to practice in the State of Montana. The complaint alleged that Mr. Pearce was an incorporator and director of a corporation known as Family Financial Estate Services Inc. (FFES). This corporation was organized for the purpose of providing financial advice and for selling and preparing estate plans.

Representatives of FFES would contact potential buyers of the estate plans. After purchase, the customers would execute a limited power of attorney which authorized FFES to select an attorney to assist in preparation of the plans. In virtually all cases, Stewart Pearce was selected to be the attorney.

The sale agreements were deficient in numerous respects. In particular, they did not disclose the amount of fee to be paid Stewart Pearce, nor did the agreements disclose that Pearce was working under a conflict of interest through his dual representation of FFES and the customer. Additionally, it was found that Pearce frequently prepared estate documents for the customers without having any contact with those clients.

Following the filing of the complaint by the Special Prosecutors, Pearce submitted a motion requesting a copy of the original complaint. After this motion was denied, Pearce entered into an agreed statement of facts with the Special Prosecutors. This stipulation indicated that Pearce violated several Rules of Professional Conduct, including: Rule 1.2(a), which deals with the topic of consultation with a client; Rule 1.4, requiring that the client be kept informed; Rule 1.5(b), which relates to the fee basis of the lawyer's representation and communication of that fee basis to the client; Rule 1.7, which relates to conflict of interest; and Rule 1.8(f) which also relates to conflicts of interest, specifically to the topic of compensation.

As part of this stipulation, Special Counsel agreed to recommend that Mr. Pearce receive a public censure, as punishment for his involvement with FFES. Special Counsel did not recommend that Pearce be suspended due to the fact that he was planning to leave the State of Montana and was placing himself on inactive status with the State Bar. Apparently, the Special Prosecutors considered disbarment, but determined that to be an inappropriate sanction.

At a hearing before the Commission on Practice, which was held on September 28, 1989, Pearce's attorney was informed that the Commission would not accept the recommended sanction. Pearce's attorney asked for a continuance and informed the Commission that it was his client's intention to surrender his license to practice.

On October 24, 1989, Pearce surrendered his license to practice law. It is his belief that this act prevents the Commission from proceeding with any further disciplinary hearings. The Comsmission, however, disagreed and held a hearing on December 7, 1989 to determine an appropriate sanction. Following this hearing, the Commission recommended that Stewart Pearce be indefinitely suspended from the practice of law, in no case less than six months, and that he be publicly censured by this Court. It further recommended that Mr. Pearce pay all costs of his disciplinary proceeding as a condition of his reinstatement.

Pearce attacks the Commission's Findings, Conclusions and Recommendations on several fronts. First, he maintains that the Commission was without jurisdiction to enter any sanction against him because his act of surrendering his license terminated any power over him, once held by the Commission. We disagree.

As stated above, Pearce surrendered his license on October 24, 1989. However, on October 5, 1989, this Court clarified Rule 18 Rules for Lawyer Discipline and Enforcement. This Rule now clearly provides that the surrender of license while formal disciplinary proceedings are pending does not divest the Commission of jurisdiction. Contrary to Pearce's argument, this rule change does not have any retroactive application to him. The rule was changed on October 5th, and he surrendered his license on October 24th. His act of surrendering his license is therefore governed by the changed Rule and the Commission retained jurisdiction to consider an appropriate sanction.

Pearce further argues that he was deprived of due process. He bases his argument on the fact that he was unable to obtain a copy of the original complaint lodged against him. We need not consider the merits of his argument because we find that he waived all rights to assert this position when he entered into and agreed to the stipulation of facts with Special Counsel. Because we base our decision in this case upon those facts, which he agreed to, we hold there is no reason to refer to the original complaint.

Finally, Mr. Pearce objects to several of the Commission on Practice's Findings of Fact, Conclusions of Law and Recommendations.

However, as stated above, our conclusion in this case is based upon his own admissions contained in the Agreed Statement of Facts. We therefore do not find it necessary to fully consider these arguments.

IT IS ORDERED:

1. The recommendations of the Commission on Practice are not adopted by this Court. The nature of Stewart A. Pearce's admitted misconduct warrants greater disciplinary measures than those recommended by either the Special Prosecutors or the Commission on Practice.

2. Stewart A. Pearce, the respondent above named, is hereby disbarred immediately from any further practice of law in the State of Montana.

3. Copies of this order shall be served by ordinary mail by the Clerk of this Court upon Stewart A. Pearce at his last known address as shown in the records of this Court, upon his counsel of record, and upon such other parties as are specified in Rule 14 of the Rules for Lawyer Discipline and Enforcement.

DATED this 1st day of November, 1990.

s/ J.A. Turnage, Chief Justice
s/ John Conway Harrison, Justice
s/ John C. Sheehy, Justice
s/ Diane G. Barz, Justice
s/ William E. Hunt, Justice
s/ R. C. McDonough, Justice
s/ Fred J. Weber, Justice